UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE RUFFINO,                      : <br>      Plaintiff,                   : <br>                                    : <br>v.                                 : <br>                                    : <br>THERESA LANTZ, et al.,     : <br>      Defendants.            : | PRISONER <br> CASE NO. 3:08-cv-1521 (VLB) |

## RULING AND ORDER

Plaintiff Jake Ruffino ("Ruffino") is currently incarcerated at Garner Correctional Institution in Newtown, Connecticut. While confined at Northern Correctional Institution in Somers, Connecticut, he filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Theresa Lantz, Jeffrey McGill, Terance Rose and Valerie Light, and challenges the practice of requiring inmates commencing Phase 2 of the Administrative Segregation Program to recreate in handcuffs for thirty days. Six other inmates, Lester Johnson, Walter Lawson, Abian Britton, Cedric Young, Stephen Goins and Jason Barber, are listed as plaintiffs and signed the complaint. None of these inmates, however, tendered the filing fee or filed a motion to proceed in forma pauperis. Thus, the case was opened with Ruffino as the only plaintiff.

Defendants move to strike the names of the other six inmates from the case caption. In response, Ruffino has filed a motion for class certification and argues that he and the other six inmates are the class representatives. For the reasons that follow, Ruffino's motion for class certification should be denied and

defendants' motion to strike should be granted.

I.     Motion for Class Certification [Doc. #8]

Ruffino asks the court to certify this case as a class action with the class consisting of all inmates on Administrative Segregation status at Northern Correctional Institution currently or within the last three years.  He asks the court to retain the six other inmates listed in the case caption as additional named plaintiffs.

Class certification is governed by Rule 23, Fed. R. Civ. P.  Specifically, Rule 23(a) identifies four prerequisites which must be met before a class action can be certified, the fourth being  that "the representative parties will fairly and adequately protect the interests of the class."  The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met.  See Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974).

Class certification is properly denied, however, where the prospective relief requested would benefit all members of the proposed class to the extent that class certification would provide no additional benefit.  See Vega v. Lantz, No. 3:04cv1215(DFM) , 2006 WL 3826690, at *1 (D. Conn. Nov. 6, 2006) (citing Davis v. Smith, 607 F.2d 535, 540 (2d Cir. 1978)).  For example, the Second Circuit has held that class certification is not necessary in an action seeking declaratory and injunctive relief against state officials on the ground that a statute or administrative practice is unconstitutional.  See Galvan v. Levine, 490 F.2d 1255, 1261, (2d Cir. 1973), cert. denied, 417 U.S. 936 (1974).  Ruffino is challenging the

institutional policy of requiring inmates to recreate while handcuffed for the first thirty days of Administrative Segregation Phase 2 status.

Ruffino argues that class certification is required because the defendants could move to dismiss the request for injunctive relief as moot if the inmates are transferred to other correctional facilities. In fact, Ruffino no longer is confined at Northern Correctional Institution.

An inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). However, there is an exception to this principle. The court may decide a claim that is moot where the claim is "'capable of repetition, yet evading review'" and the repetition will affect "the same complaining party." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir.) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) and Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam)), cert. denied sub nom. Debari v. Bedford Cent. Sch. Dist., 534 U.S. 837 (2001).

It is possible that Ruffino could be returned to the Administrative Segregation Program during his period of incarceration. See Dep't of Correction Admin. Dir. 9.4, § 12.I (effective Jan. 31, 2009) (inmates may be confined on

**3**

administrative segregation status at Northern, Garner and MacDougall-Walker Correctional Institutions), http://www.ct.gov/doc (last visited Mar. 13, 2009). Thus, he could invoke the exception should defendant move to dismiss his requests for injunctive relief.

As a pro se litigant, Ruffino can represent only himself. See Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action"), aff'd, 995 F.2d 216 (3d Cir. 1993); see also Fed. R. Civ. P. 11 (a) (requirement that all papers be signed by the party or an attorney prevents pro se party from filing on behalf of any other person). Ruffino concedes that he cannot sufficiently represent the interests of the class and states that he previously sought appointment of counsel. A review of the court docket, however, shows that no motion for appointment of counsel has been filed.

Ruffino attempts to show that the named inmates can adequately represent the interests of the class by asserting that although the complaint seeks damages as well as injunctive relief, the purported unnamed class members seek only injunctive relief. See Mot. for Class Certification, Doc. #8-1, at 2; Mem., Doc. #8-2, at 8-9. As no proposed class action complaint has been submitted, the court cannot verify this assertion. However, if the unnamed class members seek only injunctive relief, their inclusion is not required. The court has determined above that if Ruffino prevails on his request for injunctive relief, the benefit would

**4**

inure to all inmates in the Administrative Segregation Program.

The court concludes that Ruffino and the other inmates cannot adequately represent the interests of the purported class. To grant the motion for class certification at this time would be improvident.

II.     Motion to Strike [Doc. #5]

Defendants move to strike the names of the six other inmates from the case caption because they have not tendered the filing fee or filed motions to proceed in forma pauperis. Ruffino objects on two grounds: first, he has moved for class certification and second, the other inmates need not move to proceed in forma pauperis because Ruffino has been granted in forma pauperis status and agreed to have the filing fee deducted from his inmate account.

No named plaintiff is excused from tendering the filing fee if he possesses sufficient funds to do so. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 340 (1948) (stating that petitioner who completed in forma pauperis application cannot be denied right of appeal because other claimants have not; petitioners who have not completed applications or are unwilling to tender the fee may not reap benefits from appeal perfected by other petitioner); Norman v. Mellon Bank, 1990 WL 186989, at *1 (E.D. Pa. Nov. 26, 1990) (stating that in a multiple plaintiff case, leave to proceed in forma pauperis should not be granted until declarations of poverty for all plaintiffs have been reviewed by the court). Thus, any person seeking to file an action without prepayment of the filing fee must submit a motion to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1).

Ruffino argues the that court can collect only one filing fee for this case. The issue, however, is not what fees can be collected but whether all plaintiffs must file properly completed motions to proceed in forma pauperis. The other six inmates included in the case caption did not submit motions to proceed in forma pauperis as they are required to do. For this reason, they were not entered on the court docket as plaintiffs.

Ruffino's motion for class certification has been denied. The court concludes that the inclusion of the other six inmates, who have not satisfied the requirements to be plaintiffs, in the caption on the complaint is immaterial. Thus, defendants' motion to strike the names from the complaint is granted. See Fed. R. Civ. P. 12(f) (court may order "redundant, immaterial, impertinent, or scandalous matter" stricken from any pleading). Any of the other inmates may submit an individual complaint if he seeks to pursue damages claims for any injuries he suffered individually.

III.   Conclusion

Ruffino's motion for class certification [doc. #8] is DENIED. Defendants' motion to strike [doc. #5] is GRANTED.

                                  IT IS SO ORDERED.

                                  /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut this 13th day of March 2009.