UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKE RUFFINO, | : | |
|     Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:08-cv-1521 (VLB) |
| | : | |
| THERESA LANTZ, et al., | : | |
|     Defendants. | : | OCTOBER 28, 2009 |

MEMORANDUM OF DECISION GRANTING THE DEFENDANTS' PARTIAL MOTION TO DISMISS [Doc. #12]

Plaintiff Jake Ruffino ("Ruffino") filed a complaint pro se under 42 U.S.C. § 1983 (2000) challenging a requirement that inmates who are undergoing their first thirty days of Phase Two of the Administrative Segregation Program at Northern Correctional Institution wear handcuffs during recreation. [Doc. #1]. The Defendants move to dismiss any Eighth Amendment claims as well as the Plaintiff's requests for declaratory and injunctive relief. [Doc. #12]. For the reasons stated hereafter the Defendants' motion is granted.

I.    Standard of Review

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint, and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. S. Peru Copper Corp., 414 F.3d 233, 242 (2d Cir. 2003). The court considers

not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Ass'n of Bar of City of New York, 286 F.3d 122, 125 (2d Cir. 2002).  In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants."  Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II.     Facts

The Plaintiff has alleged the following.  In 2007, while a pretrial detainee, Ruffino was confined pursuant to the Administrative Segregation Program at Northern Correctional Institution ("Segregation").  The Program has three phases. Inmates are assigned to Phase One for a minimum of 120 to 180 days.  During Phase One, they are confined to their cells for twenty-three hours per day and are fully restrained whenever they leave their cells.  In addition, visitation and access to personal property is severely restricted.  Inmates in Phase One recreate alone or with a cell-partner in small recreation yards. They are not restrained when in the recreation yards.

Phases Two and Three of Segregation are both ninety-day programs.  Inmates are assigned to groups during both of these phases.  Members of each group attend all programs and activities together and also recreate together.  Restrictions on visitation and phone calls progressively decrease for each phase.  During their first thirty days in Phase Two, inmates are confined to their cells for twenty-three hours

per day and are handcuffed, with their hands in front, whenever they leave their cells.  During this initial thirty day period, inmates remain handcuffed during recreation.  After the first thirty days, inmates are no longer restrained by handcuffs.  From October 19, 2007, until November 19, 2007, Ruffino was required to wear handcuffs during periods of recreation pursuant to his participation in Phase Two of the Administrative Segregation Program.

III.     Discussion

In his complaint, Ruffino alleges that Phase Two's requirement that he wear handcuffs during recreation for thirty days violated his constitutional right to exercise under the Eighth and Fourteenth Amendments.  He seeks damages as well as declaratory and injunctive relief.

A.     Eighth Amendment Claims

Defendants move to dismiss all Eighth Amendment claims because Ruffino was a pretrial detainee during the relevant time period. [Doc. #12].  In response to the Defendant's motion, Ruffino concedes that he was a pretrial detainee during the relevant period and notes that he does not assert any claims under the Eighth Amendment. [Doc. #18].

The Eighth Amendment, which protects inmates against cruel and unusual punishment may be invoked only after an individual has been adjudged guilty of a crime.  Claims asserted by a pretrial detainee are reviewed under the Fourteenth

3

Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

The complaint consists of two counts.  Count One alleges a violation of the Eighth Amendment, and Count Two, alleges a violation of the Fourteenth Amendment.  Six other inmates were listed as plaintiffs and signed the complaint. [Doc. # 1].  However, because none of these inmates tendered the filing fee or filed a motion to proceed in forma pauperis, the case was opened with Ruffino as the only plaintiff and the other inmates were stricken from the complaint. [Doc. #9].  Despite Ruffino's assertion that he brings no Eighth Amendment claims, he includes himself in Count One. [Doc. #1].  Because the Eighth Amendment is inapplicable to pretrial detainees, the Defendants' motion to dismiss is granted as to all Eighth Amendment claims.  This dismissal also clarifies the pleadings in conformity with Ruffino's assertion that he is not seeking an Eighth Amendment claim.

B.     Declaratory Relief

Ruffino seeks entry of a declaratory judgment stating that the Defendants violated his rights.  Declaratory relief is intended to enable parties to adjudicate claims before either side suffers great damages.  See In re Combustible Equip. Assocs., 838 F.2d 35, 37 (2d Cir. 1988).  Declaratory relief operates prospectively; it is inappropriate for past acts because all damages already have accrued.  See National Union Fire Ins. Co. of Pittsbugh, Pa. v. Int'l Wire Group, Inc., No. 02 Civ. 10338, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003).  This action concerns thirty days in late 2007, while Ruffino was a pretrial detainee.  Any damages from the

4

Defendants' alleged violation of Ruffino's Fourteenth Amendment rights occurred nearly two years ago.  Thus, declaratory relief is inappropriate.  Defendants' motion to dismiss is granted as to the claim for declaratory relief.

### C.    Injunctive Relief

Finally, Ruffino seeks an injunction ordering the Defendants to cease the practice of handcuffing Phase Two inmates during recreation and to invalidate the section of the Administrative Directive that requires the practice.

Defendants move to dismiss the claim for injunctive relief because Ruffino did not allege that he was currently confined in Phase Two of Segregation and, therefore, his claim is moot. [Doc. # 12].  In response, Ruffino argues that he again is confined in Segregation and could be forced to recreate in handcuffs in the future.

The court, however, may decide a claim that is moot where the claim is "'capable of repetition, yet evading review'" and the repetition will affect "the same complaining party."  Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir. 2001) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983); Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (per curiam)).  This exception does not apply in this case.

By his own admission, Ruffino asserts only a Fourteenth Amendment claim.  Thus, the court must determine whether requiring him, as a pretrial detainee, to recreate in handcuffs for thirty days constitutes punishment.  See Bell v. Wolfish, 441 U.S. at 535-37 (holding that pretrial detainees have a substantive due process

right not to be housed under conditions of confinement that amount to punishment). Any injunctive relief awarded in this case would address the practice as applied to pretrial detainees only. Ruffino now has been sentenced to a twelve-year term of imprisonment, which will end in 2017. <u>See</u> Connecticut Department of Correction Inmate Information, http://www.ctinmate info.state.ct.us/detailsupv.asp?id_inmt_num=292171 (last visited Oct. 23, 2009).[1] The claim presented in this case is incapable of repetition until after Ruffino completes his current sentence.

In opposing the Defendants' Motion to Dismiss, Ruffino claims that he "is still on A.S. status and he will have to be restrained during recreation again." [Doc. #18]. Ruffino's assertion however, is not supported by any of the facts in this record, particularly in his complaint or any other pleadings. Ruffino does not indicate facts that would warrant or explain why he would be reclassified as subject to the requirements of the first thirty days of Phase II of Segregation. Ruffino's future exposure to the conditions about which he complains are therefore hypothetical or speculative. The Defendants' motion to dismiss is granted as to the claim for injunctive relief.

IV.  <u>Conclusion</u>

Defendants' partial Motion to Dismiss [Doc. #12] is GRANTED. The case will

---

[1] Even though a court is limited to facts presented in a Plaintiff's complaint or documents that are either incorporated by reference or attached to the complaint as an exhibit, a court "may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." <u>Cerasani v. Sony Corp.</u>, 991 F.Supp. 343, 350-51) (S.D.N.Y., 1998) (quoting <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991)).

proceed on Ruffino's Fourteenth Amendment claim for damages.


                              **IT IS SO ORDERED.**


                                    _____/s/_____
                              **Vanessa L. Bryant**
                              **United States District Judge**

**Dated at Hartford, Connecticut this 28th day of October 2009.**